UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KAKOWSKI, CDCR #BF-3315, <br><br>                                    Plaintiff, <br><br> vs. <br><br> JEFF MACOMBER, Secretary of the California Department of Corrections and Rehabilitation, et al., <br><br>                                    Defendants. | Case No.:  3:25-cv-00282-RBM-VET <br><br> **ORDER:** <br><br> **(1) GRANTING PLAINTIFF'S IFP MOTION [Doc. 2]** <br><br> **(2) SCREENING PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)** <br><br> **(3) DENYING PLAINTIFF'S REMAINING MOTIONS AS MOOT [Docs. 3, 4]** |

Plaintiff Brian Kakowski ("Plaintiff"), a state prisoner incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this civil rights action. (Doc. 1 ([Complaint]).)  Plaintiff brings claims pursuant to 42 U.S.C. § 1983 against Defendants California Department of Corrections and Rehabilitation ("CDCR") Secretary Jeff Macomber, RJD Warden James Hill, RJD Food Manager Victor Acosta, RJD Correctional Food Cook Ward, RJD Correctional Food Officer J. Goff, and RJD Correctional Lieutenant G. Hernandez (collectively, "Defendants").  (*Id.* at 2–3.)  In

his Complaint, Plaintiff alleges that improper training and supervision of RJD's kitchen employees caused unsanitary conditions at RJD, presenting a risk to his health in violation of the Eighth Amendment. (*See id.* at 10–21.) Plaintiff also filed a Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed in Forma Pauperis ("IFP Motion") (Doc. 2), a Motion to File and Accept Excess Pages ("Excess Pages Motion") (Doc. 3), and a Motion for Substitution ("Substitution Motion") (Doc. 4).  For the reasons discussed below, Plaintiff's IFP Motion is **GRANTED**, Plaintiff's Complaint is **DISMISSED**, and Plaintiff's Excess Pages Motion and Substitution Motion are **DENIED AS MOOT**.

## I.   IFP MOTION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed In Forma Pauperis ("IFP").  *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).  Generally, an action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("Plaintiffs normally must pay $350 to file a civil complaint in federal district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting IFP status.").

However, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for … the 6-month period immediately preceding the filing of the complaint[.]"  28 U.S.C. § 1915(a)(2); *see also Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005) ("[P]risoners must demonstrate that they are not able to pay the filing fee with an affidavit and submission of their prison trust account records[.]").  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six

months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets.  *See* 28 U.S.C. § 1915(b)(1), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).  Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1), (2); *Bruce*, 577 U.S. at 84.

The prison certificate attached to Plaintiff's IFP Motion shows he had an average monthly balance of $38.71 and average monthly deposits of $43.01 for the six months preceding the filing of Plaintiff IFP Motion. (Doc. 2 at 5.)  However, an updated prison certificate shows that Plaintiff had an average monthly balance of $40.69 and average monthly deposits of $46.98 for the six months preceding the filing of the updated certificate. (Doc. 5 at 1.)  The updated prison certificate also shows that the Plaintiff had an available balance of $21.58 at the time of filing. (*Id.*)

Accordingly, the Court **GRANTS** Plaintiff's IFP Motion and imposes an initial partial filing fee of $9.40 pursuant to 28 U.S.C. § 1915(b)(1).  Plaintiff remains obligated to pay the $340.60 balance of the filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).  However, this initial fee only need be collected if sufficient funds are available in Plaintiff's account at the time of this Order.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay … due to the lack of funds available to him when payment is ordered.").

## II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2), 1915A(b)

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  *See Rhodes v. Robinson*,

621 F.3d 1002, 1004 (9th Cir. 2010) (citing 28 U.S.C. § 1915A(a)).  The Court must dismiss *sua sponte* a prisoner's IFP complaint, or any portion of it, that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (citing 28 U.S.C. § 1915(e)(2)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).")  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In the Complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his Eighth Amendment rights.  (Doc. 1 [Complaint] at 1, 4.)  Section 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

Here, the prison official Defendant acted under the color of state law, so the Court limits its analysis to the first element—the "deprivation of a right secured by the Constitution and laws of the United States[.]" *Id.*  As Plaintiff's claim is premised on

alleged violations of his Eighth Amendment rights, Plaintiff must sufficiently allege the deprivation of those rights to state a Section 1983 claim.

Under the Eighth Amendment, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." *Id.* Subjecting "a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) (citations omitted). However, the temporary imposition of such conditions is not sufficient. *See id.* at 1315.

Further, "a prison official violates the Eighth Amendment only when two requirements are met." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the "prison official must have a 'sufficiently culpable state of mind.'" *Id.* (quoting *Wilson*, 501 U.S. at 297). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety[.]" *Id.* (quoting *Wilson*, 501 U.S. at 302–303).

"[D]eliberate indifference describes a state of mind more blameworthy than negligence" but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. With this in mind, the Supreme Court has held "that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Id.* at 837 (emphasis added). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.*

1  at 838.

2  Here, Plaintiff alleges that Defendants have for years failed to follow California state regulations regarding food and safety, thereby showing deliberate indifference to inmate health in violation of the prohibition against cruel and unusual punishment under the Eighth Amendment. (*See generally* Doc. 1 [Complaint].) Specifically, Plaintiff alleges that when he reported for work in the RJD E-yard kitchen on May 24, 2024, he was told by Defendant Goff, "I know you are not medically cleared to be in here, but I need all the help I can get." (*Id.* at 12.) Likewise, Plaintiff alleges that Defendant Ward told him, "I would give you a better pay number [and] job as a cook if I'd like. But need to see medical to make the 'no food-handling chrono go away.'" (*Id.*) He also told Plaintiff that he "[b]etter not get us in trouble for now." (*Id.*)

Plaintiff then alleges that the RJD E-yard kitchen is run by Defendants Goff, Ward, Hernandez, and Acosta, who are responsible for screening and training inmates in sanitary food handling techniques but who failed to provide Plaintiff any training when he worked there. (*Id*. at 12–13.) Plaintiff also alleges that, during the "month or two" he worked in the E-yard kitchen, the dishwasher was not working, and he was told to use degreaser when they ran out of soap, and to scrub trays, pans, cookie sheets, and food equipment with dirty towels meant for cleaning kitchen tables and machinery. (*Id*. at 13–15.) Plaintiff alleges that, after a memorandum was posted on August 6, 2024 noting the use of degreaser in place of soap, Defendant Acosta attempted "damage control" by conducting "walk-throughs which were staged in an effort to fool us and the administration." (*Id*. at 16–17.) Plaintiff concludes that Defendants Acosta, Ward, Goff and Hernandez showed deliberate indifference to inmate health and safety through their negligent acts. (*Id*. at 17–18.)

The Court finds that, as alleged, Plaintiff describes conditions that appear to be the result of ordinary budget restrictions and do not amount to "[in]humane conditions of confinement." *See Farmer*, 511 U.S. at 834, 837 (explaining that the conditions and sanitation issues alleged must be "sufficiently serious" to support an Eighth Amendment violation). The Court also finds that, while the conduct described by Plaintiff may amount

to negligence, it does not rise to the level of "deliberate indifference." While the individual Defendants might have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," Plaintiff does not include any allegations that the Defendants drew such an inference. *See id.* at 837.

Accordingly, Plaintiff's Complaint is **DISMISSED** for failure to state a claim. However, the Court grants Plaintiff leave to amend his Complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's IFP Motion (Doc. 2) and **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). All payments should be clearly identified by the name and number assigned to this action. (*See also* Section I (imposing an initial partial filing fee of $9.40).)

The Court **DISMISSES** all claims against all Defendants named in the Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court **DENIES AS MOOT** Plaintiff's Excess Pages Motion (Doc. 3) and Plaintiff's Substitution Motion (Doc. 4).

The Court **GRANTS** Plaintiff forty-five (45) days from the date of this Order to file a First Amended Complaint that cures the deficiencies identified herein. Plaintiff's First Amended Complaint therefore must be filed on or before **May 23, 2025**. Plaintiff's First Amended Complaint must be complete by itself, without reference to his original

Complaint. Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L. R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "consider[ed] waived if not repled."). If Plaintiff fails to amend his Complaint, the Court will dismiss this action for failure to state a claim and failure to prosecute. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

    The Court also **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

    **IT IS SO ORDERED**.

DATE: April 8, 2025

                            HON. RUTH BERMUDEZ MONTENEGRO
                            UNITED STATES DISTRICT JUDGE