UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KAKOWSKI,<br>CDCR #BF-3315,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>JEFF MACOMBER, Secretary of the California Department of Corrections and Rehabilitation, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:25-cv-0282-RBM-VET<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

On February 5, 2025, Plaintiff Brian Kakowski, a state prisoner incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff claimed that improper training and supervision of RJD kitchen employees resulted in unsanitary conditions presenting a risk to his health in violation of the Eighth Amendment. (*Id.* at 1–21.) On April 8, 2025, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP") and dismissed his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require *sua sponte* dismissal of a prisoner's IFP complaint, or any portion of it, which fails to state a claim. (Doc. 7.) The Court found the Complaint failed to

1

3:25-cv-0282-RBM-VET

plausibly allege any defendant was aware of a substantial risk to inmate health and deliberately disregarded the risk. (*Id*. at 6–7.) Plaintiff was notified of the deficiencies of his pleading and granted leave to amend on or before May 23, 2025. (*Id*. at 7.) Plaintiff filed a First Amended Complaint on April 21, 2025. (Doc. 8.) He filed a substantially identical Second Amended Complaint ("SAC") on May 5, 2025, which is the operative pleading in this action. (Doc. 9.)

## I. SCREENING PURUSANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

Because Plaintiff is a prisoner proceeding IFP, his SAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Section 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States,

and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Allegations in the SAC

Plaintiff once again alleges that he was assigned to a kitchen scullery job on May 24, 2024, where Defendant RJD Correctional Food/Kitchen Officer Goff said, "'you are not medically cleared to handle food' but I need all the help I can get." (Doc. 9 at 4.) That same week Defendant RJD Correctional Supervising Cook Ward told Plaintiff he was a hard worker and would give Plaintiff "a better pay # but I need to go to medical & make the chrono go away so I'm allowed to handle food." (*Id*.)

During the next month, Goff and Ward instructed Plaintiff to handle food daily, and to wash pots, pans and trays with a floor detergent not intended to be used to clean food items or touch skin. (*Id*.) When Plaintiff complained that the detergent burned his skin, Ward told him to "use what I got." (*Id*.) Since being exposed to that detergent, Plaintiff has had "constant skin irritation and itching and flaking." (*Id*.) Plaintiff spoke to their supervisors who acknowledged he should not be working in the kitchen, and he was transferred to another job. (*Id*. at 5.) After he was removed from his kitchen assignment, Defendant RJD Correctional Lieutenant G. Hernandez removed him from his "CGA group" in retaliation for filing an inmate grievance regarding the conditions in the kitchens. (*Id*. at 8.)

Plaintiff alleges that "as a matter of widespread practice and policy," Defendants continuously ignore California state regulations for food and safety standards regarding food service at RJD, and as a result for years kitchen workers have faced a threat to their health in violation of the prohibition against cruel and unusual punishment under the Eighth Amendment. (*Id*. at 4–5.) He alleges Defendant California Department of Corrections and Rehabilitation ("CDCR") Secretary Macomber and RJD Warden Hill are responsible for the failure of Defendants Goff, Ward and RJD Food Manager Acosta to train and supervise kitchen workers to follow state food safety guidelines. (*Id*. at 5.) He claims his removal from his CGA group was in retaliation for filing an inmate grievance and stopped him from

earning credits toward an earlier parole hearing in violation of due process. (*Id*. at 8.)

      C.    **Analysis**

           1.   **Eighth Amendment Claim**

"Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Although subjecting "a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment," the temporary imposition of such conditions does not state a claim absent allegations of a risk of harm. *Anderson v. County of Kern*, 45 F.3d 1310, 1314–15 (9th Cir. 1995); *Johnson*, 217 F.3d at 731 ("The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred.")

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302–03).

The allegations that Defendants Goff, Ward and Acosta failed to adequately hire, train and supervise kitchen workers resulting in unsanitary conditions once again fail to plausibly allege an Eighth Amendment violation. A prison official can be held liable only if he is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [draws] the inference." *Farmer*, 511 U.S. at 837. The Eighth Amendment is violated when a prison official, acting with deliberate indifference, exposed Plaintiff to a sufficiently "substantial risk of serious harm" to his health. *Id*. at 843. The Court previously informed Plaintiff in the prior dismissal order that he had alleged at most negligence arising from budgetary concerns, but did not plausibly allege any Defendant subjected him to inhumane conditions of confinement or actually drew an inference that a

substantial risk of serious harm existed. (*See* Doc. 7 at 6–7); *see also Farmer*, 511 U.S. at 835 ("deliberate indifference describes a state of mind more blameworthy than negligence" and "more than ordinary lack of due care for the prisoner's interests or safety.") Plaintiff has not cured those pleading defects, as his allegations of unsanitary practices in the kitchen resulting in irritated skin are once again insufficient to plausibly allege Defendants were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and subjected him to inhumane conditions of confinement.

Plaintiff has also once again failed to plausibly allege an Eighth Amendment claim against CDCR Secretary Macomber or RJD Warden Hill based on their failure to supervise the other Defendants. Supervisory liability is not an independent cause of action under § 1983, and Plaintiff must allege both an underlying constitutional violation and a connection between the supervisor's actions and the violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'") (quoting *Hansen v. Black*, 855 F.2d 642, 646 (9th Cir. 1989)). Plaintiff has once again failed to allege a constitutional violation and therefore has failed to state a claim against Defendants Macomber and Hill. *Id*.; *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."); *Starr*, 652 F.3d at 1207 (a plaintiff must plausibly allege personal involvement or a causal connection between a defendant's action and a constitutional violation to state a § 1983 claim).

### 2. Due Process Claim

Plaintiff claims he has been subjected to atypical and significant hardship in violation of due process because he has not been earning custody credits since he was removed from his CGA group by Defendant Hernandez in retaliation for filing an inmate grievance about the conditions in the kitchen. (Doc. 9 at 8.) The Due Process Clause of

the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In order to plausibly allege a federal due process claim, Plaintiff must identify a protected liberty or property interest. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Although there is no federal right to early release, California law may create a liberty interest in custody credits. *See id*. at 221. When a state enacts a statutory scheme which creates a liberty interest protected by federal due process, "the Due Process Clause requires fair procedures for its vindication." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. *Sandin v. Connor*, 515 U.S. 472, 481–84 (1995). Such liberty interests are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

Plaintiff has not plausibly alleged he was denied due process in being removed from the group because the allegations he was removed in retaliation for complaining about the conditions in the kitchen are entirely conclusory. There are no allegations that Plaintiff has sought or been denied reinstatement to the group or that he is otherwise entitled to attend the group in his new job. *Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a § 1983 claim, nor do the "mere possibility of misconduct" accusations). In any case, Plaintiff has not plausibly alleged that shortening the time to a parole hearing would inevitably shorten his sentence as necessary to state a due process claim. *See Sandin*, 515 U.S. at 485–87 (no protected liberty interest where loss of custody credits would not inevitably shorten the duration of the inmate's sentence); *id*. at 487 (recognizing that the "myriad of considerations" in the parole suitability evaluation does not permit a finding that availability of a parole hearing will inevitably affect the duration of a prisoner's sentence).

### 3. Retaliation Claim

Finally, Plaintiff alleges Defendant Hernandez removed him from his CGA group in retaliation for filing an inmate grievance regarding the conditions in the kitchen. (Doc. 9

at 8.)  "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2021).  However, a prisoner must allege a retaliatory motive, that is, a causal connection between the adverse action and his protected conduct. *Id*.  Plaintiff does not include any factual allegations supporting his contention that Hernandez acted with a retaliatory motive when removing Plaintiff from his group, or that his inmate grievance was a substantial or motivating factor in that decision. *Id*.; *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient."); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a § 1983 claim).

### D.   Leave to Amend

Accordingly, the Court finds that Plaintiff's SAC fails to state a plausible claim for relief against any Defendant and is therefore subject to *sua sponte* dismissal in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.  In light of Plaintiff's pro se status, the Court grants him one last attempt to amend his pleading to attempt to sufficiently allege a § 1983 claim if he can and if he wishes to attempt to do so. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III.   CONCLUSION

Good cause appearing, the Court **DISMISSES** all claims against all Defendants in the Second Amended Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) and **GRANTS** Plaintiff until December 30, 2025 to file a Third Amended Complaint which cures the deficiencies of pleading noted in this Order with respect to any or all Defendants.  Plaintiff's Third Amended Complaint must be

1  complete by itself without reference to any prior version of his complaint.  Defendants not
2  named and any claims not re-alleged in the Third Amended Complaint will be considered
3  waived.  See S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
4  896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.");
5  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed
6  with leave to amend which are not re-alleged in an amended pleading may be "considered
7  waived if not repled.").  If Plaintiff fails to timely amend, the Court will dismiss this action
8  for failure to state a claim and failure to prosecute.  See *Lira v. Herrera*, 427 F.3d 1164,
9  1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his
10 complaint, a district court may convert the dismissal of the complaint into dismissal of the
11 entire action.").

**IT IS SO ORDERED.**

Dated:  November 12, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE