UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BRIAN KAKOWSKI,
CDCR #BF-3315,

                              Plaintiff,

v.

JEFF MACOMBER, Secretary of the
California Department of Corrections and
Rehabilitation, et al.,

                              Defendants.

Case No.:  3:25-cv-00282-RBM-VET

**ORDER DISMISSING THIRD AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)**

On February 5, 2025, Plaintiff Brian Kakowski, a state prisoner incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1.)  Plaintiff claimed that unsanitary conditions arising from improper training and supervision of RJD kitchen workers presented a risk to his health in violation of the Eighth Amendment.  (*Id.* at 1–21.[1])  On April 8, 2025, the Court granted Plaintiff leave to proceed in forma pauperis

---

[1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

1

3:25-cv-00282-RBM-VET

("IFP") and dismissed his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require *sua sponte* dismissal of a prisoner's IFP complaint, or any portion of it, which fails to state a claim. (Doc. 7.) The Court found the Complaint failed to plausibly allege any defendant was aware of a substantial risk to Plaintiff's health for the "month or two" he worked in the kitchen and deliberately disregarded that risk. (*Id*. at 6–7.) Plaintiff was notified of the deficiencies of his pleading and granted leave to amend on or before May 23, 2025. (*Id*. at 7.) Plaintiff filed a First Amended Complaint ("FAC") on April 21, 2025, and a substantially identical Second Amended Complaint ("SAC") on May 5, 2025. (Docs. 8, 9.[2]) The SAC repeated the claim that the lack of proper hiring and supervision of kitchen workers created a risk to his health and safety in violation of the Eighth Amendment, and added claims that his assignment to his kitchen job was in retaliation for filing inmate grievances in violation of the First Amendment and against prison regulations in violation of the Fourteenth Amendment's guarantee of due process. (Doc. 9 at 4–8.)

On November 12, 2025, the Court dismissed the SAC for failure to state a claim. (Doc. 10.) Plaintiff was notified of the deficiencies of his pleading and granted a final opportunity to amend on or before December 11, 2025. (*Id*. at 7.) On December 11, 2025, Plaintiff filed a Third Amended Complaint ("TAC"), the operative pleading in this action. (Doc. 11.[3]) As detailed below, Plaintiff repeats his First, Eighth and Fourteenth Amendment claims in the TAC and adds a Fourteenth Amendment equal protection claim, all based on the same allegations in prior versions of his complaint that he was assigned to his kitchen job in violation of prison regulations resulting in loss of his ability to earn credits toward an earlier parole board date, and that a lack of proper training and supervision during the brief time he worked in the kitchen resulted in skin irritation and potential health risks. (*See infra* I.A.)

---

[2] Both versions are captioned "1st Amended." (Doc. 8 at 1; Doc. 9 at 1.)
[3] Plaintiff captioned this version "2nd Amended." (Doc. 11 at 1.)

## I.  SCREENING PURUSANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

Because Plaintiff is a prisoner proceeding IFP, his TAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).")  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

Section 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."  *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### A.  Allegations in the TAC

Plaintiff alleges that although he was not medically cleared for kitchen work, he was assigned to a kitchen scullery job on May 24, 2024, in violation of a prison regulation prohibiting assignment of inmates to kitchen work without medical clearance and a prison

3

regulation providing for a classification committee hearing prior to work assignments. (Doc. 11 at 7.) He alleges that Defendant RJD Correctional Food/Kitchen Officer Goff told him on his first day, "I know you're not medically cleared to be working here but I need all the help I can get." (*Id*. at 12.) Defendant RJD Correctional Supervising Cook Ward instructed Plaintiff to handle food "with no training in health or safety," and said he would give Plaintiff "a better pay number but you got to make the no food handling chrono go away and you better not get us in trouble for now." (*Id*. at 11.) Plaintiff was also instructed to wash pots, pans and trays with a floor detergent not intended to be used to clean food items or touch skin, causing "constant skin irritation and itching and flaking," and when Plaintiff complained Ward told him to "use what I got." (*Id*.) Plaintiff spoke to "their supervisors" who acknowledged he should not be working in the kitchen, and was reinstated in his old job after filing an inmate grievance. (*Id*. at 11, 14.) Plaintiff contends in claim one of the TAC that his Eighth Amendment rights were violated by the actions of Goff and Ward, as well as by the failure of Defendants California Department of Corrections and Rehabilitation ("CDCR") Secretary Macomber, RJD Warden Hill, and RJD Food Manager Acosta to enforce California law regarding food and safety standards at RJD, including failures to change gloves, wash hands after using the restroom, and using proper cleaning materials to clean trays and tables, all of which resulted in skin irritation, including permanent damage to his tattoos, and a threat to his health. (*Id*. at 8–13.)

In claim two, Plaintiff alleges Defendant RJD Correctional Lieutenant Hernandez unilaterally assigned him to the kitchen job in violation of his rights to equal protection and due process. (*Id*. at 14–15.) He alleges the assignment was in retaliation for filing inmate grievances and in violation of prison regulations providing for classification committee action requiring consideration of institutional security and operational needs, public safety, and the inmate's needs, desires, safety and abilities. (*Id*.) He alleges that as a result of the schedule of his kitchen job he was "pulled from his CGA group," which stopped him from earning credits "that would have pushed my parole board date up a few weeks or months by now." (*Id*.)

4

**B.      Analysis**

**1.      Eighth Amendment Claim**

"Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  Although "subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment," the temporary imposition of such conditions does not state a claim absent allegations of a risk of harm. *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314–15 (9th Cir. 1995); *Johnson*, 217 F.3d at 731 ("The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred.")

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'"  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302–03).  A prison official can be held liable only if he is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [draws] the inference." *Farmer*, 511 U.S. at 837.  The Eighth Amendment is violated when a prison official, acting with deliberate indifference, exposed Plaintiff to a sufficiently "substantial risk of serious harm" to his health.  *Id*. at 843.

The Court previously informed Plaintiff in both prior dismissal orders that he did not plausibly allege any Defendant actually drew an inference that a substantial risk of serious harm existed while he worked in the kitchen.  (*See* Doc. 7 at 6–7; Doc. 10 at 5.) Plaintiff has not cured that pleading defect, as his allegations of unsanitary practices in the kitchen resulting in irritated skin and potential harm are once again devoid of specific factual allegations which plausibly allege that even if a Defendant was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, they

3:25-cv-00282-RBM-VET

actually drew such an inference.  *See Farmer*, 511 U.S. at 835 ("deliberate indifference describes a state of mind more blameworthy than negligence" and "more than ordinary lack of due care for the prisoner's interests or safety.")  Plaintiff argues the Defendants knew that allowing inmates who had not been medically cleared to work in the kitchens presented a risk from a prior lawsuit Plaintiff filed and settled in this Court in which he raised that same claim, among others.  *See Kakowski v. Allison, et al.*, 21cv1675-JAH (LR).  That case presented a similar claim, although predating the events of this case and naming different defendants, that the lack of adequate hiring and supervision of inmate kitchen workers placed Plaintiff at a risk of communicable disease.  *See Kakowski v. Allison, et al.*, 21cv1675-JAH (LR), ECF 32 (First Amended Complaint filed January 12, 2022) at 4–8.  However, that claim was dismissed on screening for failure to state a claim, and the only claim which proceeded to service and settlement in that case was a claim that Plaintiff received inadequate medical treatment for hepatitis.  *See id.*, ECF 33 (February 14, 2022 Order) at 6–10.  Even if the prior case was sufficient to place Defendants on notice of Plaintiff's concerns regarding sanitation issues in the kitchen in the past, Plaintiff has not cured the pleading defect of his Eighth Amendment claim in this case that there are no facts which plausibly allege any Defendant actually drew an inference that he was placed at a substantial risk of serious harm based on his allegation that inadequate training and supervision of kitchen workers, including himself for a brief period, exposed him to a sufficiently "substantial risk of serious harm" to his health.

Plaintiff has also once again failed to plausibly allege an Eighth Amendment claim against Macomber, Hill or Acosta based on their failure to supervise the other Defendants.  Supervisory liability is not an independent cause of action under § 1983, and Plaintiff must allege both an underlying constitutional violation and a connection between the supervisor's actions and the violation.  *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional

6

violation.'") (quoting *Hansen v. Black*, 855 F.2d 642, 646 (9th Cir. 1989)).  Plaintiff has once again failed to allege a constitutional violation, and in any case alleges that when he spoke to Ward and Goff's supervisors they acknowledged he should not be working in the kitchen and was thereafter reinstated in his old job.  (Doc. 11 at 11, 14.)  Plaintiff has therefore once again failed to state an Eighth Amendment claim against Defendants Macomber, Hill or Acosta.

### 2.   Due Process Claim

Plaintiff claims he was denied due process by Defendant Hernandez who he alleges unilaterally assigned him to the kitchen job without classification committee action as required by prison regulations which would have allowed him to object to the assignment or be medically disqualified.  (Doc. 11 at 14–15.)  He alleges it resulted in his being removed from his CGA group which he could not attend due to the kitchen work schedule preventing him from earning credits "that would have pushed my parole board date up a few weeks or months by now."  (*Id*.)  He alleges that although he was quickly reassigned to his old job, he has still not been reinstated in the CGA group. (*Id*. at 15.)

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  In order to plausibly allege a federal due process claim, Plaintiff must identify a protected liberty or property interest.  *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Although there is no federal right to early release, California law may create a liberty interest in custody credits.  *See id*.  When a state enacts a statutory scheme which creates a liberty interest protected by federal due process, "the Due Process Clause requires fair procedures for its vindication."  *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).  The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. *Sandin v. Connor*, 515 U.S. 472, 481–84 (1995).  Liberty interests are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id*. at 484.

///

3:25-cv-00282-RBM-VET

Plaintiff has once again not plausibly alleged he was denied due process in being removed from or not reinstated in the CGA group because he cannot plausibly allege that shortening the time to a parole hearing would inevitably shorten his sentence. *See Sandin*, 515 U.S. at 485–87 (no protected liberty interest where loss of custody credits would not inevitably shorten the duration of the inmate's sentence); *id*. at 487 (recognizing that the "myriad of considerations" in the parole suitability evaluation does not permit a finding that availability of a parole hearing will inevitably affect the duration of a prisoner's sentence). Neither do his allegations of being assigned to the kitchen job without compliance with prison regulations requiring classification committee action plausibly allege a federal due process violation. *See Nible v. Fink*, 828 F. App'x 463 (9th Cir. 2020) (violations of California prison regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right). The federal due process clause does not create a property or liberty interest in prison employment and a prisoner does not have a constitutional right to have a job in prison or to retain a prison job. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004); *Baumann v. Ariz. Dep't of Corr*., 754 F.2d 841, 846 (9th Cir. 1985); *Blake v. Foster*, 2022 WL 3012160, at *4 (C.D. Cal. Mar. 11, 2022) (citing *Gray v. Hernandez*, 651 F. Supp. 2d 1167, 1187 (S.D. Cal. 2009)).

### 3. Retaliation Claim

Plaintiff alleges Defendant Hernandez assigned him to the kitchen job in retaliation for filing inmate grievances. (Doc. 11 at 14–15.) "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison*, 668 F.3d at 1114. However, a prisoner must allege a retaliatory motive, that is, a causal connection between the adverse action and his protected conduct. *Id*. Plaintiff once again does not include any factual allegations supporting his contention that Hernandez acted with a retaliatory motive when assigning Plaintiff to the kitchen job, or that an inmate grievance was a substantial or motivating factor in that decision. Rather, he relies solely on speculative and conclusory allegations which he was previously informed are

8

insufficient to state a retaliation claim. *Id.*; *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient."); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a § 1983 claim).

### 4. Equal Protection Claim

Finally, Plaintiff claims his placement in the kitchen job violated his equal protection rights under a class of one equal protection theory because he was denied notice and opportunity to object to the assignment when he was assigned to the job without a classification committee hearing as required by prison regulations and as typically provided to all inmates regarding job assignments. (Doc. 11 at 14–15.) To state a class of one equal protection claim, a plaintiff must plausibly allege he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 602 (2008) ("[W]hen it appears that an individual is being singled out by the government, the specter of arbitrary classification is fairly raised, and the Equal Protection Clause requires a 'rational basis for the difference in treatment.'") (quoting *Olech*, 528 U.S. at 564). There are no allegations in the TAC which plausibly suggest Plaintiff was intentionally treated differently or arbitrarily as a result of animus against him. He provides only a conclusory allegation that Defendant Hernandez's unilateral decision to assign him a kitchen job, without classification committee action, was improper and shows Plaintiff was targeted. (Doc. 11 at 14–15.) Absent plausible factual allegations of animus against him by a Defendant, which has been absent from every version of his complaint, it is clear Plaintiff has not and cannot state an equal protection claim. *See Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008) ("[T]he plaintiff in a 'class of one' case does not allege that the defendants discriminated against a *group* with whom she shares characteristics, but rather that the defendants simply harbor animus against her *in particular* and therefore treated her

arbitrarily.")

Accordingly, the Court finds the TAC fails to state a plausible § 1983 claim for relief against any Defendant and is therefore subject to *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### C.     Leave to Amend

The Court has twice previously informed Plaintiff that his allegations regarding his brief assignment to a kitchen job fails to state a federal constitutional claim. In light of his pro se status, the Court has twice granted leave to amend to attempt to cure the pleading defects and warned Plaintiff that this would be his final opportunity to amend. Because it is now clear that he is unable to do so, the TAC is dismissed without further leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)); *United States ex rel. Insoon Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend.")

## II.     CONCLUSION

Good cause appearing, the Court **DISMISSES** all claims against all Defendants in the TAC without further leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Clerk of Court will enter a final judgment accordingly.

**IT IS SO ORDERED.**

Dated:  April 3, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:25-cv-00282-RBM-VET